UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| DONNA SUE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 22-113-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, ACTING | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kijakazi's motion to dismiss Plaintiff Donna Smith's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Record No. 6]  Local Rule 7.1(c) requires that a party opposing a motion "file a response within 21 days of service of the motion,"  and failure to submit a timely response "may be grounds for granting the motion."  Accordingly, Smith's failure to respond within 21 days of service of the motion to dismiss constitutes sufficient grounds for dismissal.  However, the Court will nonetheless consider the merits of the defendant's motion.

The defendant's motion to dismiss will be granted because Smith's Complaint was not filed in a timely manner.

## I.  Background

An Administrative Law Judge ("ALJ") denied Smith's application for supplemental security income under Title XVI of the Social Security Act ("the Act").  [Record No. 1, p. 1] Smith then appealed the ALJ's decision to the Social Security Administration Appeals

Council, who denied her request for review on August 26, 2022.  [*Id.* at p. 1]  Smith filed this

action on November 30, 2022.  [*Id.*]  She alleges that the defendant's denial of her request for

supplemental income was not supported by substantial evidence.  [*Id.* at p. 2]  The defendant

filed her motion to dismiss on January 30, 2023, arguing that Smith's Complaint should be

dismissed as untimely filed.  [Record No. 6]

## II.  Legal Standard

Federal pleading standards demand "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal in accordance with

Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a party fails to

"state a claim upon which relief can be granted."  In reviewing a motion to dismiss, the Court

must accept all "well-pleaded factual allegations" as true and "determine whether they

plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

However, a pleading must "contain sufficient factual matter . . . to 'state a claim to relief that

is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  Dismissal is warranted when this standard is not satisfied.

## III.  Discussion

The defendant argues that Smith's Complaint should be dismissed as untimely filed.

[Record No. 6, p. 2]  Parties seeking judicial review of a benefits determination from the Social

Security Administration must file their complaint within the period of limitations established

by the Act.  Section 405(g) of the Act provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made
> after a hearing to which he was a party, irrespective of the amount in controversy, may
> obtain a review of such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further time as the
> Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Implementing regulations from the Social Security Administration note that the 60-day clock under Section 405(g) begins to run on the date the notice of the Appeals Council's decision "is received by" the individual.  20 C.F.R. § 422.210(c).  The regulation further provides that "the date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  *Id.*  If a plaintiff fails to file her complaint within the 60-day limit established by the Act, the reviewing court must dismiss the complaint as barred by the statute of limitations.  *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 438 (6th Cir. 2007) (affirming district court's dismissal of complaint challenging Appeals Council's denial of review that was filed one day past the 60-day limit); *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994) (noting that the 60-day limit in Section 405(g) of the Act is "not jurisdictional but a period of limitations").

In the present case, the Appeals Council denied the plaintiff's request for review on August 26, 2022.  [Record No. 1, p. 1]  Thus, the plaintiff had until October 31, 2022, to file her Complaint: that is, 60 days from the date of the Appeals Council's denial under 42 U.S.C. § 405(g) and an additional 5 days under 20 C.F.R. § 422.210(c) to account for her receipt of the decision.  She is not entitled to more than a 5-day extension under 20 C.F.R. § 422.210(c) because she has not made a "reasonable showing" that a longer extension is warranted.  Accordingly, Smith's Complaint, filed on November 30, 2022, was 30 days late.  [Record No. 1]

Additionally, Smith is not entitled to equitable tolling of the deadline for filing her Complaint.  "Section 405(g) of the Social Security Act authorizes the Commissioner to toll the

60-day limitations period under appropriate circumstances." *Cook*, 480 F.3d at 437.  The Sixth Circuit recognized that district courts should consider the following five factors when determining whether to toll a statute of limitations: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).  "These five factors 'are not comprehensive, nor is each of the five factors relevant in all cases.'" *Id.* (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).  The plaintiff bears the burden of demonstrating that she is entitled to equitable tolling. *Id.* at 653.

Smith has not demonstrated that equitable tolling should apply in this matter.  The plaintiff has attached an email exchange to her Complaint in which counsel for the plaintiff states that complications with the Court's e-filing system prevented him from filing the Complaint on November 4, 2022.  [*See* Record No. 1-1, p. 2.]  But even if the Court accepts counsel's narrative as true, the Complaint would still be filed four days beyond the October 31, 2022, deadline.  Moreover, because the plaintiff failed to respond to the defendant's motion to dismiss, she has not provided any information explaining why equitable tolling should apply under the factors listed in *Griffin*.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      The defendant's motion to dismiss [Record No. 6] is **GRANTED**.

2.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 23, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky